UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEAN M. ROHAUER,

        **Plaintiff,**

v.
                    18-CV-795

COMMISSIONER OF SOCIAL SECURITY,

        **Defendant.**

## DECISION AND ORDER

    Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 14. Dean M. Rohauer ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 7, 12. For the following reasons, Plaintiff's motion (Dkt. No. 7) is granted, and the Commissioner's motion (Dkt. No. 12) is denied.

## BACKGROUND

    In 2001, 2004, and 2006, Plaintiff filed applications for DIB with the appropriate state agency, all of which were denied at the initial level. Tr. at 168, 180-81.[1]

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 6.

On July 14, 2014, he protectively filed for DIB, alleging disability beginning on October 26, 2005, but later amended his onset date to March 31, 2009, the same date his insured status for DIB expired. Tr, at 13, 146-52, 168, 180, 214. The State agency denied his claim and he requested review. Tr. at 67, 68-72, 73-78, 81-82. Administrative Law Judge Lynette Gohr ("the ALJ") conducted a hearing on May 16, 2017. Tr. at 25-66. Plaintiff, who was represented by counsel, testified as did an impartial vocational expert. Tr. at 25-66. On July 24, 2017, the ALJ issued a decision in which she found that Plaintiff was not disabled and, therefore, not eligible for benefits. Tr. at 10-24. The Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner. Tr. at 1-5. This action followed. Dkt. No. 1.

## **LEGAL STANDARD**

**Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

2

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals a Listings criterion and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If not, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

3

42 U.S.C. § 405(g) (2007). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole. *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003). Substantial evidence is "more than a mere scintilla." *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009). "It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Id.* (emphasis added and citation omitted). The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard. *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko,* 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the Plaintiff's position. *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015). Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## **DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process described above. *Lynch v. Astrue*, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 31, 2009, his amended alleged onset date. Tr. at 15. At step two, she found that Plaintiff had the following severe impairment: coccydynia/lumbago. Tr. at 16.[2] The ALJ noted that Plaintiff "may also suffer from osteopetrosis and hypertension[,]" but that there was "no indication that these conditions will more than minimally affect the claimant's ability to work full-time[.]" Tr. at 16. Accordingly, she deemed them to be "non-severe." Tr. at 16.

At step three, the ALJ concluded that Plaintiff's impairments did not, either individually or in combination, meet or equal the Listings, giving special consideration to Listing 1.04 (Disorders of the Spine). Tr. at 16. Next, the ALJ found that Plaintiff retained the RFC to perform light work as defined by 20 C.F.R. § 416.967(b), except he can "frequently climb ramps and stairs, frequently climb ladders, ropes and scaffolds and frequently stoop, kneel, crouch and crawl." Tr. at 16. Continuing to the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work as a maintenance electrician. Tr. at 20. Based on Plaintiff's age (56 years old on the date last insured), education (at least a high school education), and with acquired work skills and the

---

[2] This Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized at length in the papers.

5

aforementioned RFC, the ALJ found that he could perform work that exists in significant numbers in the national economy, specifically, the jobs of winding inspector (DOT No. 724.364-010), and spark tester (DOT No. 728.684-018). Tr. at 21. Accordingly, concluded the ALJ, Plaintiff was not under a disability during the relevant period. Tr. at 21.

**Analysis**

Plaintiff contends that the ALJ improperly substituted her own judgment after rejecting without good reason the opinion of Plaintiff's treating physician, Dr. Guy Whalen.[3] Dkt. No. 9-1, pp. 9-15. The Commissioner argues that the ALJ justifiably gave Dr. Whalen's opinion "little weight" and properly predicated Plaintiff's RFC on his activities of daily living. Dkt. No. 12-1, pp. 16-21. Having reviewed the record, this Court finds remand is required because the ALJ created a gap in the record that she was obligated to develop when she rejected the only medical opinion as to Plaintiff's physical functional capacity.

"Social Security proceedings are inquisitorial rather than adversarial." *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 261 (S.D.N.Y. 2016) (quoting *Sims v. Apfel,* 530 U.S. 103, 110-11 (2000)). "[I]n light of the essentially non-adversarial nature of a benefits proceeding," an "ALJ, unlike a judge in a trial, must [on behalf of all claimants] . . . affirmatively develop the record . . . ." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009) (internal quotation marks omitted). This duty includes "investigat[ing] the facts and develop[ing] the arguments both for and against granting benefits." *Sims,* 530

---
[3] Plaintiff has raised additional objections, but because this Court finds that remand is warranted to develop the record, it need not reach the remaining arguments.

6

U.S. at 111. Under the applicable regulations, the ALJ is required to develop the claimant's complete medical history. *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir. 1996) (citing 20 C.F.R. §§ 404.1512(d)-(f)).

Whether the ALJ has satisfied his or her duty to develop the administrative record is a "threshold question," which a reviewing court must answer before determining whether the Commissioner's final decision is supported by substantial evidence under 42 U.S.C. § 405(g). *Craig*, 218 F. Supp. 3d at 261. That is, "the court must first be satisfied that the ALJ provided plaintiff with 'a full hearing under the Secretary's regulations' and also fully and completely developed the administrative record." *Scott v. Astrue,* No. 09-CV-3999 (KAM), 2010 WL 2736879, at *12 (E.D.N.Y. July 9, 2010) (quoting *Echevarria v. Sec'y of Health & Human Servs.,* 685 F.2d 751, 755 (2d Cir. 1982)); *see also Rodriguez v. Barnhart,* No. 02-CV-5782 (FB), 2003 WL 22709204, at *3 (E.D.N.Y. Nov. 7, 2003) ("The responsibility of an ALJ to fully develop the record is a bedrock principle of Social Security law.") (citing *Brown,* 174 F.3d at 63).

Here, the ALJ gave "little weight" to the opinion of Plaintiff's long-time treating Physician, Dr. Guy Whalen. Tr. at 19. The ALJ concluded that Dr. Whalen's opinion was entitled to little weight because: it was inconsistent with the record as a whole; it was supported with "few objective findings[;]" and there was no evidence that Dr. Whelan examined Plaintiff's back "for a significant period before and after the date last insured." Tr. 19. Regardless of whether the ALJ properly discounted this opinion, her rejection of the only medical opinion as to Plaintiff's physical functional capabilities left a significant

gap in the record. *See Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the ALJ's rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained no [other] competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original).

Even if the ALJ had not rejected Dr. Whalen's opinion, there was still insufficient information about Plaintiff's abilities during the relevant period for the ALJ to reach a conclusion about his RFC. In her decision, the ALJ explicitly acknowledges that there were periods of time during which Plaintiff was apparently under treatment, for which there were no records:

> In terms of the claimant's alleged limitations, there is very little evidence of any physical limitations or treatment for his condition for the year prior to the date insured. **The only evidence would seem to note that the claimant was on medications during that time, but there are no records around the time from the doctor that was prescribing medications, Dr. Santaserio**. In fact, the claimant when questioned about whether he was treating with anyone for his back from March 31, 2008 to September 2009 said "no," but then indicated that medications during that time were being prescribed by Dr. Santaserio. The claimant alleged issues due to pain after a sacral fracture and issues with healing due to osteoporosis with subsequent pain noted to be lumbago post alleged onset date [sic] and coccyx pain or coccydynia. The testimony as to activities of daily living is of limited use as the claimant is testifying about his condition 9 years prior to the hearing and no function report was even completed at the time he filed in 2014. **Thus, a great deal is related to the sparse medical records.** The records from Dr. Whalen, the claimant's primary care physician for the year prior to the date last insured[,] note no real treatment for the coccydynia and no examinations for the same (Exhibits 2F, 9F). The records even for the year prior and the year after the date last insured show very little relating to the back. The complaints from the claimant regarding the same were also not that great as reflected in those records. **Certainly, the records from 2000 to 2003 note consistent issues, but then there is a gap in the treatment records from 2003 to 2008. The records from Dr. Santaserio note there is a gap with**

8

> **no records for years prior to the date last insured and for almost one year after the date last insured** . . . .

Tr. at 19. The ALJ was duty-bound to fill these obvious gaps in the record, which she did not do. *Pratts*, 94 F.3d at 37 (holding that the ALJ's affirmative duty to develop the record exists even when the claimant is represented by counsel).

Because the ALJ rejected Dr. Whalen's opinion, the record lacks any medical opinion as to Plaintiff's physical ability to engage in work at any exertional level on a regular and continuous basis in an ordinary work setting. There is no medical opinion regarding his capacity to sit, stand, walk, or lift, which are necessary activities for light work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(a). Yet the ALJ, who is not a medical professional, somehow determined that Plaintiff could perform light work with specific additional limitations. Tr. at 16; *see Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor."). This determination was improper.

It is well-settled that "[a]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection

himself." *Id.* (citation omitted). Depending on the circumstances, like when the medical evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Id.* (citation omitted).

Here, the ALJ was not permitted to render a common sense judgment about Plaintiff's functional capacity because he suffered a serious injury, a coccygeal fracture (complicated by osteopetrosis), which caused him serious limitations and persistent pain (Tr. at 248-49, 255, 258, 6F, pp. 1-2). *See, e.g.*, *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) ("Given Plaintiff's multiple physical and mental impairments, this is not a case where the medical evidence shows 'relatively little physical impairment' such that the ALJ 'can render a common sense judgment about functional capacity.'") (citation omitted).

There were many avenues available to the ALJ to fill the gap in the record: she could have requested additional information from Dr. Whelan, obtained a consultative examination, or sought a medical expert opinion. *Covey*, 204 F. Supp. 3d at 507 (citation omitted). On remand, the Commissioner should employ whichever of these methods are appropriate to fully develop the record as to Plaintiff's RFC.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is hereby GRANTED to the extent it seeks remand, and the Commissioner's motion for Judgment on the pleadings (Dkt. No. 12) is DENIED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED: Buffalo, New York
March 23, 2020

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**