**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**DEAN R.,**

                           **Plaintiff,**                 **DECISION AND ORDER**

**v.**                                                        **18-CV-795(HKS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                           **Defendant.**
_____

The parties have consented to have the undersigned conduct any and all proceedings in this case. Currently before this Court is Plaintiff's Motion for Attorneys' Fees in the amount of $ 19,876.25 pursuant to 42 U.S.C. § 406(b). Dkt. No. 19. The Commissioner makes no objection to the motion. Dkt. No. 20. For the reasons discussed below, Plaintiff's Motion is granted.

**BACKGROUND**

Plaintiff commenced this action on July 19, 2018, arguing that the Commissioner erroneously denied his claim for benefits in a decision that was not supported by substantial evidence. Dkt. No. 1. The parties thereafter cross-moved for judgment on the pleadings. Dkt. Nos. 7, 12. On March 23, 2020, I granted Plaintiff's Motion for Judgment on the Pleadings, and remanded his case to the Commissioner for further proceedings consistent with my Decision and Order. Dkt. No. 15. By Text Order entered on April 13, 2020 (Dkt. No. 18), I "so ordered" the stipulation for Plaintiff's

attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,368.64.  Dkt. No. 17.

On July 23, 2021, an Administrative Law Judge ("ALJ") issued a decision approving Plaintiff's application for benefits in its entirety.  Dkt. No. 19-3.  On August 8, 2021, the Social Security Administration issued a Notice of Award indicating that $19,876.25 had been withheld from the total retroactive benefit award to pay any duly approved attorneys' fees.  Dkt. No. 19-4, p. 3.  The Fee Agreement between Plaintiff and his attorney states that "my attorney has the right under this contract to ask the court to award as much as 25% of past-due benefits for representing me in court[,]" and that the "total fee could amount to many thousands of dollars or many hundreds of dollars per hour[.]"  Dkt. No. 19-2.

Plaintiff's attorney now requests an award of attorneys' fees in the amount of $19,876.25, with the stipulation that upon receipt of payment, he will refund to Plaintiff the previously awarded EAJA fees.  Dkt No. 33-1, p. 2.

**ANALYSIS**

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge SSI claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the

> Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b)(1)(A).  In reviewing a motion for attorneys' fees pursuant to Section 406(b), this Court reviews both the timeliness of the motion and the reasonableness of the fee.  *See, e.g.*, *Barone v. Saul*, 2019 WL 3296616 (W.D.N.Y. July 23, 2019); *Walkowiak v. Comm'r of Soc. Sec.*, 2019 WL 6242549 (W.D.N.Y. Nov. 22, 2019); *Dillon v. Saul*, 2020 WL 360966 (W.D.N.Y. Jan. 22, 2020); *Plum v. Comm'r of Soc. Sec.*, 2020 WL 1846785 (W.D.N.Y. April 13, 2020).

**Timeliness**

In *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the Second Circuit Court of Appeals held that the 14-day limitations period of Rule 54(d)(2)(B) applies to applications for Section 406(b) fees, subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties."  *Id.* at 89.  Accordingly, motions for benefits made within seventeen days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing)[1] of receipt of a Notice of Award for benefits are timely.

Plaintiff's counsel filed this motion one day after the Notice of Award was issued and thus, his motion is timely.

---

[1] *See Sinkler*, 932 F.3d at 89, n. 5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing.").

**Reasonableness**

The Fee Agreement between Plaintiff and his attorney provides for 25 percent of the past due benefits.  Dkt. No. 19-2.  The 25 percent fee is within the cap provided by Section 406(b).

That is not the end of the reasonableness inquiry, however.  Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider including "the character of the representation and the results the representative achieved."  *Id.*  The Court noted it may be appropriate for a district court to downwardly adjust the requested fee if the attorney was responsible for a delay that resulted in additional benefits accumulating during the pendency of the case.  *Id.*  A court may review an attorney's record of time spent on the matter to determine whether the requested fee constitutes a "windfall" to the attorney.  *Id.*  The Second Circuit Court of Appeals directs that district courts should also consider "whether there has been fraud or overreaching in making the agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Plaintiff received competent representation.  Plaintiff's attorney has been practicing law for 25 years with 15 years devoted almost exclusively to Social

Security disability.  Dkt. No. 19-1, ¶ 3.  His work on this matter yielded a substantial award of past due benefits for Plaintiff.  Dkt. No. 19-4.  The record shows that Plaintiff's counsel did not request any extensions during the pendency of this case in federal court.  Dkt. No. 19-9, p. 4.

Further, given the number of hours spent working on this matter, the fee requested by Plaintiff's attorney does not result in a windfall.  Time records submitted with the motion indicate a total of 26.1 hours of attorney time was spent on Plaintiff's case.  Dkt. No. 19-9, p. 5.  The total fee requested results in an hourly rate of $761.54 ($19,876.25 ÷ 26.1 = $761.54).  Dkt. No. 19-9, p. 5; *Brenda W. v. Comm'r of Soc. Sec.*, No. 18-CV-76-FPG, 2021 WL 948844, at *2 (W.D.N.Y. Mar. 12, 2021) (declining to subtract the previously awarded EAJA fee from the requested Section 406(b) funds because "§ 406(b) does not differentiate between the source of funds counsel seeks as compensation, but instead directs the Court to focus upon the reasonableness of the fee requested.")

While this rate is higher than counsel's typical $300 hourly rate, Dkt. No. 19-1, ¶ 15, this does not mean that the requested fee is *per se* unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining § 406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  *Wells*, 907 F.2d at 370-71.

Having reviewed the motion and the supporting documentation, I find that the requested fee is reasonable based on counsel's experience, the nature of the representation provided, the contingent nature of the fee, and the favorable results achieved.  *See Gisbrecht*, 535 U.S. at 807.  The effective hourly rate here is with the range of contingent fee requests recently approved by courts in this district in similar social security cases.  *See e.g. McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at *3 (W.D.N.Y. 2019) (approving a *de facto* hourly rate of $1,051.64, where "Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate"); *Campana v. Saul*, 2020 WL 3957960, at *2, n. 1 (W.D.N.Y. 2020) ("[w]hile the fee here constitutes an hourly rate of $1,000 . . . very high by Western New York standards - the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here"); *Sims v. Comm'r of Soc. Sec.*, 2020 WL 812923, at *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $980.87, where "counsel developed meritorious, non-boilerplate arguments on the claimant's behalf"); *Salone v. Comm'r of Soc. Sec.*, 2020 WL 1677374, at *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $956.25); *Dillon*, 2020 WL 360966, at *3 (finding a *de facto* hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); *Plum*, 2020 WL 1846785, at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall); *Perry v. Comm'r of Soc. Sec.*, 2020 WL 360979, at *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02).

**CONCLUSION**

For these reasons, Plaintiff's Motion for Fees (Dkt. No. 19) in the amount of $19,876.25 pursuant to 42 U.S.C. §406(b) is granted.  The Commissioner is directed to release these funds.  In addition, I direct Plaintiff's attorneys to return to Plaintiff within 14 days of receiving the Section 406(b) fee the previously awarded EAJA fees in the amount of $5,368.64.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 16, 2021

> *s/ H. Kenneth Schroeder, Jr.*
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**